NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ISIAH HEYWARD,<br><br>*Defendant.* | HONORABLE KAREN M. WILLIAMS<br><br>Criminal No. 17-cr-395 (KMW)<br><br>MEMORANDUM OPINION<br>AND ORDER |

**WILLIAMS, United States District Judge.**

**THIS MATTER** comes before the Court upon two motions filed by *pro se* Defendant Isiah Heyward ("Defendant") seeking to modify his plea agreement and reduce his sentence based upon purported intervening changes in the law. (Dkt. Nos. 52, 53.) Defendant contends that recent Supreme Court decisions—including *Concepcion v. United States*, 597 U.S. 481 (2022), *Ruan v. United States*, 597 U.S. 450 (2022), and *Rehaif v. United States*, 588 U.S. 225 (2019)—together with amendments enacted through the Fair Sentencing Act and First Step Act, invalidate his guilty plea, eliminate his career-offender status, and entitle him to resentencing. (Dkt. Nos. 52, 53.) The United States opposes the motions. (Dkt. No. 61.)

The Court decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's motions will be **DENIED**.

## I.   BACKGROUND

On July 19, 2017, Defendant was charged by Information with conspiracy to distribute and possess with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C), in violation of 21 U.S.C. §§ 846. (*See* Dkt. No. 37.) Defendant thereafter entered into a written plea agreement with the Government in which he agreed to plead guilty to that offense. (Dkt. No. 41.)

As part of the plea agreement, Defendant also resolved a separate prosecution transferred from the Eastern District of Pennsylvania pursuant to Federal Rule of Criminal Procedure 20 involving an assault on a federal corrections officer. (*See* Gov't Opp. at 2–3, Dkt. No. 61.)

The plea agreement contained several stipulations concerning the advisory Sentencing Guidelines. (Dkt. No. 41.) Most pertinent here, Defendant stipulated that he qualified as a career offender under U.S.S.G. § 4B1.1. (*See* Plea Agreement, Schedule A ¶ 6.) During the plea colloquy, Defendant affirmed under oath that he knowingly joined the heroin-distribution conspiracy, understood the nature of the charge against him, understood the rights he was waiving by pleading guilty, and entered his guilty plea knowingly and voluntarily. (Gov't Opp., Ex. A, Plea Hearing Tr. 22:11-17, Dkt. No. 61-1.)

On May 7, 2018, the Honorable Joseph H. Rodriguez, U.S.D.J., sentenced Defendant on both federal matters. (Dkt. No. 46.) Before imposing sentence, Judge Rodriguez considered Defendant's objections to the Presentence Investigation Report, sustained several objections relating to criminal history scoring, and accepted amendments reducing Defendant's criminal history score. Nevertheless, because Defendant qualified as a career offender, his advisory Guidelines range remained 151 to 188 months' imprisonment. (Gov't Opp., Ex. B, Sentencing Tr. 7–10, Dkt. No. 61-2.) Notably, defense counsel expressly advised the sentencing court that, after reviewing the underlying judgments of conviction, he could not in good faith object to Defendant's designation as a career offender because "the supporting judgments of conviction are there and it does meet the legal criteria for a career offender." (*Id.* at 7:25-8:2.)

Judge Rodriguez ultimately sentenced Defendant to 151 months' imprisonment on the heroin conspiracy conviction and 96 months' imprisonment on the assault conviction, with the sentences to run concurrently, resulting in a total custodial sentence of 151 months. In explaining

2

the sentence, Judge Rodriguez expressly considered Defendant's youth, family support, substance abuse history, acceptance of responsibility, criminal history, and the sentencing factors set forth in 18 U.S.C. § 3553(a), ultimately imposing the lowest sentence within the applicable advisory Guidelines range. (Sentencing Tr. 30–43.)

Defendant now moves for relief under 18 U.S.C. § 3582(c), asserting that intervening changes in federal law require modification of his plea agreement and reduction of his sentence. (Dkt. Nos. 52, 53.) Construed liberally, Defendant advances three arguments. First, Defendant argues that *Ruan, Rehaif,* and other recent Supreme Court decisions concerning *mens rea* require reconsideration of his guilty plea because the Government allegedly failed to establish the requisite mental state for his offense. (Dkt. No. 52 at 3–8.) Second, Defendant contends that amendments enacted through the Fair Sentencing Act and First Step Act eliminated the predicate convictions supporting his career-offender designation by replacing the phrase "felony drug offense" with "serious drug felony." (*Id.* at 1.) Finally, Defendant argues that *Concepcion* authorizes the Court to revisit his sentence in light of those asserted intervening legal developments. (*Id.*)

The Government responds that none of Defendant's arguments provides a statutory basis for modifying his sentence, that Defendant's heroin conviction is not a "covered offense" under § 404 of the First Step Act, that the cited Supreme Court decisions do not apply to Defendant's conviction, and that Defendant's career-offender designation remains legally valid. (Gov't Opp. at 3–7.)

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has created only a "few narrow exceptions" to that rule. *Freeman v. United States,* 564

3

U.S. 522, 526 (2011). One such exception appears in 18 U.S.C. § 3582(c), which provides that a district court "may not modify a term of imprisonment once it has been imposed" except in the limited circumstances Congress has authorized. 18 U.S.C. § 3582(c). Accordingly, the authority of a district court to modify an imprisonment sentence is narrowly limited by statute. *United States v. Higgs*, 504 F.3d 456, 460-64 (3d Cir. 2007); *see also Dillon*, 560 U.S. at 824.

Separately, the First Step Act authorizes district courts to impose reduced sentences for certain defendants convicted of "covered offenses" whose statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. In *Concepcion v. United States*, the Supreme Court held that once a defendant establishes eligibility for relief under § 404, the district court may consider intervening legal and factual developments when exercising its sentencing discretion. 597 U.S. 481, 488–90 (2022). However, *Concepcion* addressed the scope of a district court's discretion once a defendant is eligible for relief under the First Step Act; it did not eliminate the statutory limitations governing eligibility. *See id.*; *see also United States v. Shields*, 48 F.4th 183, 192 (3d Cir. 2022).

To the extent a defendant seeks to vacate his conviction or guilty plea based upon constitutional error or intervening judicial decisions, the ordinary procedural vehicle is a motion under 28 U.S.C. § 2255 rather than a motion under § 3582(c). *See United States v. Baptiste*, 223 F.3d 188, 189–90 (3d Cir. 2000). However, before recharacterizing a *pro se* filing as a prisoner's first § 2255 motion, a district court must provide the notice required by *Castro v. United States*, 540 U.S. 375, 383 (2003).

4

### III.   DISCUSSION

#### a.   Defendant Has Not Identified Any Statutory Basis Authorizing Modification of His Sentence Under § 3582(c).

As an initial matter, Defendant's motions conflate two fundamentally different forms of post-conviction relief. Portions of his filings seek a discretionary sentence reduction under the First Step Act, while other portions challenge the validity of his guilty plea itself by arguing that subsequent Supreme Court decisions altered the elements of his offense and eliminated the factual basis supporting his conviction. (*See* Dkt. Nos. 52, 53.) Those are distinct forms of relief governed by different statutes.

To the extent Defendant seeks modification of an otherwise valid sentence under § 3582(c), the Court's authority is limited to the circumstances Congress expressly authorized. *Dillon*, 560 U.S. at 824-26. Defendant bears the burden of demonstrating that one of those statutory avenues applies. To the extent Defendant seeks to invalidate his guilty plea or conviction based upon intervening Supreme Court decisions, his motion is, in substance, a collateral attack on the validity of the judgment. Such claims ordinarily must proceed under 28 U.S.C. § 2255, which is the presumptive vehicle through which federal prisoners challenge the legality of their convictions or sentences. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *see also Baptiste*, 223 F.3d at 189-90.

The Court declines to recharacterize Defendant's motions as a motion under § 2255. Nothing in the record indicates that Defendant has previously sought relief under § 2255, and recharacterizing the present filings could have significant consequences for any future collateral proceedings. *See Castro*, 540 U.S. at 383.

Accordingly, the Court addresses Defendant's motions only insofar as they seek relief under § 3582(c) and the First Step Act, while explaining why the substantive legal theories advanced in support of that request likewise fail on the merits.

### b. Defendant Is Not Eligible for Relief Under Section 404 of the First Step Act.

Defendant relies upon the First Step Act, the Fair Sentencing Act, and the Supreme Court's decision in *Concepcion v. United States* to argue that this Court may reduce his sentence in light of intervening changes in federal law. Those authorities, however, do not provide Defendant with a basis for relief. Section 404 of the First Step Act authorizes a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. Congress limited that authority to defendants convicted of a "covered offense," meaning "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act." *Id.* § 404(a).

The Fair Sentencing Act, in turn, modified the statutory penalties applicable to certain crack-cocaine offenses by increasing the threshold drug quantities necessary to trigger the mandatory minimum penalties contained in 21 U.S.C. §§ 841(b)(1)(A) and (B). *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372. Defendant, however, was not convicted of a crack-cocaine offense affected by those statutory amendments. Rather, he pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Gov't Opp. at 2-3.) Neither the Fair Sentencing Act nor § 404 of the First Step Act modified the statutory penalties applicable to that offense.

Defendant's reliance on *Concepcion* is likewise misplaced. In *Concepcion*, the Supreme Court held that once a defendant establishes eligibility for relief under § 404 of the First Step Act,

6

a district court may consider intervening legal and factual developments when deciding whether to exercise its sentencing discretion. 597 U.S. at 488-90. The decision did not expand the class of defendants eligible for relief under the First Step Act—it presupposed statutory eligibility and addressed only the scope of the district court's discretion at the second step of the analysis. *See id.; see also Shields*, 48 F.4th at 192-93. Because Defendant was not convicted of a covered offense, the Court never reaches the discretionary inquiry discussed in *Concepcion*.

Accordingly, Defendant's conviction is not a "covered offense" within the meaning of § 404, and this Court lacks authority to reduce his sentence under that provision. *See United States v. Birt*, 966 F.3d 257, 261-62 (3d Cir. 2020) (holding eligibility under § 404 depends upon whether the statutory penalties for the offense of conviction were modified by the Fair Sentencing Act).

### c. Defendant's Reliance on Recent Supreme Court Decisions Does Not Undermine His Conviction or Sentence.

Defendant next argues that intervening Supreme Court decisions—including *Ruan v. United States, Rehaif v. United States*, and other cases concerning *mens rea*—require modification of his conviction because the Government allegedly failed to establish the mental state necessary to sustain his guilty plea. Construing Defendant's submissions liberally, the Court understands him to contend that those decisions altered the elements of his offense in a manner that invalidates his conviction. They did not.

To begin with, *Rehaif* addressed prosecutions under 18 U.S.C. § 922(g), holding that the Government must prove a defendant knew both that he possessed a firearm and that he belonged to the relevant prohibited status. 588 U.S. at 237. Defendant was not convicted of violating § 922(g), and *Rehaif* has no application to his conviction for conspiracy to distribute heroin under §§ 846 and 841(b)(1)(C).

7

Likewise, *Ruan* interpreted the scienter requirement applicable to physicians prosecuted under 21 U.S.C. § 841(a) for issuing prescriptions outside the usual course of professional medical practice. 597 U.S. at 457-60. The Supreme Court held that, where a defendant produces evidence that his conduct was authorized, the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner. *Id.* Nothing in *Ruan* altered the elements of a traditional narcotics-distribution conspiracy prosecuted under §§ 846 and 841(b)(1)(C). Defendant was not a licensed physician prosecuted under the Controlled Substances Act's authorization provisions, nor did his conviction involve the unique statutory framework addressed in *Ruan*.

Accordingly, that decision has no bearing on the validity of Defendant's guilty plea.

More fundamentally, Defendant's present arguments are squarely contradicted by the record of the plea and sentencing proceedings. During his plea colloquy, Defendant admitted under oath that he knowingly joined the charged heroin-distribution conspiracy and that he was pleading guilty because he was, in fact, guilty of the offense charged. (*See* Gov't Opp. at 3-5.) Before sentencing, Defendant initially submitted a letter expressing dissatisfaction with counsel and suggesting that he was not guilty. (Sentencing Tr. 2:12-18.) Judge Rodriguez carefully questioned Defendant concerning those assertions at the sentencing hearing. Defendant unequivocally withdrew those allegations, confirmed that he had researched the issues himself, acknowledged that he understood why his codefendants had received different plea agreements, and reaffirmed under oath that he was guilty of the charged conspiracy. (*Id.* at 3-5.) Judge Rodriguez also confirmed that Defendant no longer questioned the effectiveness of his counsel and wished to proceed with sentencing on his guilty plea. (*Id.* at 3:19-23.)

8

Thus, even assuming Defendant's present legal theories could properly be raised in a motion under § 3582(c)—which they cannot—the record affirmatively demonstrates that Defendant knowingly and voluntarily admitted every element necessary to sustain his conviction. Accordingly, none of the authorities cited by Defendant undermines the validity of his guilty plea or provides a basis for resentencing.

### d. Defendant's Career-Offender Designation Remains Legally Valid.

Defendant also argues that subsequent amendments enacted through the First Step Act eliminated the predicate offenses supporting his designation as a career offender because Congress replaced the phrase "felony drug offense" with "serious drug felony." (Dkt. No. 52 at 1, 5-8.) This argument reflects a misunderstanding of the statutory amendments upon which Defendant relies.

The First Step Act amended certain statutory recidivist enhancements contained in 21 U.S.C. § 841(b) by replacing the term "felony drug offense" with "serious drug felony." First Step Act § 401(a), 132 Stat. at 5220-21; *see United States v. Mitchell*, 38 F.4th 382, 389 (3d Cir. 2022). Those amendments govern statutory mandatory minimum enhancements that may be sought by the Government through the filing of an information pursuant to 21 U.S.C. § 851. *See United States v. Holland*, No. 22-2763, 2023 WL 6635072, at *2 (3d Cir. Oct. 12, 2023).

Defendant's advisory career-offender designation, however, did not arise from § 841(b) or § 851. Rather, it arose independently under U.S.S.G. § 4B1.1, which employs its own definitions and analytical framework. Whether Congress modified the statutory predicates necessary to trigger certain enhanced mandatory minimum penalties under § 841(b) therefore does not alter the separate determination that Defendant qualified as a career offender under the Sentencing Guidelines.

9

As part of his written plea agreement, Defendant expressly stipulated that he qualified as a career offender under U.S.S.G. § 4B1.1. (Plea Agreement, Schedule A ¶ 6.) More importantly, at sentencing defense counsel advised Judge Rodriguez that, after reviewing the underlying judgments supporting Defendant's criminal history, he could not ethically object to Defendant's career-offender designation because "the supporting judgments of conviction are there and it does meet the legal criteria for a career offender." (Sentencing Tr. 7:24-8:4.) The Government likewise confirmed that Defendant's career-offender designation remained applicable notwithstanding the removal of several criminal-history entries because Defendant had stipulated to that status in the plea agreement. (Sentencing Tr. 8:23-9:14.)

Judge Rodriguez accepted that undisputed conclusion and correctly calculated Defendant's advisory Guidelines range accordingly. (Sentencing Tr. 9:16-24.) Nothing cited by Defendant demonstrates that those Guidelines calculations have since become legally erroneous. Accordingly, Defendant has failed to establish any basis for revisiting his career-offender designation.

### e. Even Assuming Defendant Were Eligible for Relief, the Court Would Decline to Reduce His Sentence.

Finally, even assuming Defendant could satisfy the statutory prerequisites for relief under § 3582(c) or the First Step Act, the Court would nevertheless deny the requested reduction after consideration of the factors set forth in 18 U.S.C. § 3553(a). Judge Rodriguez carefully considered those factors before imposing sentence. The sentencing transcript reflects an extensive discussion of Defendant's difficult upbringing, youth, substance-abuse history, educational background, family support, acceptance of responsibility, mental-health concerns, and arguments for a downward variance. (Sentencing Tr. 16-39.)

After weighing those mitigating considerations against the seriousness of Defendant's offenses, his significant criminal history, his status as a career offender, and his assault on a federal

10

corrections officer while detained pending trial, Judge Rodriguez imposed the lowest sentence within the applicable advisory Guidelines range—151 months' imprisonment—and directed that Defendant's sentence on the transferred assault conviction run concurrently rather than consecutively. (Sentencing Tr. 29:8-42:25.) Nothing contained in Defendant's present motions alters that analysis. Defendant identifies no post-sentencing developments demonstrating that the purposes of sentencing identified in § 3553(a)—including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public—would now be served by reducing his sentence.

Accordingly, even if Defendant were otherwise eligible for discretionary relief, the Court would decline to exercise its discretion to reduce his sentence.

For all of the foregoing reasons, Defendant has failed to demonstrate any statutory or legal basis for modifying either his conviction or his sentence. Because Defendant's conviction is not a covered offense under § 404 of the First Step Act, because the intervening decisions upon which he relies do not apply to his conviction, because his career-offender designation remains legally valid, and because the Court would decline to reduce his sentence even if discretionary authority existed, Defendant's motions will be denied.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above; and for good cause shown;

IT IS on this ___ day of **July, 2026**, hereby

**ORDERED** that Defendant's Motions (Dkt. Nos. 52, 53) are **DENIED**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

11